IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSEPH TERRELL RAMEY
ADC #087050                                                                                      PLAINTIFF

v.                                              4:25-cv-00408-JJV

ERIC HIGGINS, Sheriff,
Pulaski County Regional Detention Facility; *et al.*                                     DEFENDANTS

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Joseph Terrell Ramey ("Plaintiff") is a prisoner in the Arkansas Division of Correction ("ADC") who has filed a Complaint seeking relief, pursuant to 42 U.S.C. § 1983, for constitutional violations that allegedly occurred while he was a convicted prisoner in the custody of Pulaski County officials. Plaintiff says on September 11, 2023, he was injured when a transportation van driven by Pulaski County Deputy Sherry Brown collided with another vehicle. (Doc. 2.) Plaintiff says his injuries were caused by Defendant Brown's reckless driving and Sherriff Eric Higgins's policy or practice of not providing seatbelts for fully restrained passengers. And after the collision, Deputy Kawhun Tims and Deputy Dedrick Remmer allegedly denied Plaintiff adequate medical care for his injuries.

On November 17, 2025, Plaintiff filed a Motion for a Preliminary Injunction. (Doc. 35.) Defendants have responded, (Doc. Nos. 36-37), so the matter is ripe for a decision. After careful consideration of Plaintiff's Motion and Defendants' Response, I find the Motion must be DENIED.

**II.    DISCUSSION**

In deciding whether to grant injunctive relief, courts must consider the following factors:

1

(1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). No single factor is dispositive, but the movant must establish a threat of irreparable harm. *Id*. Without such a finding, a preliminary injunction should not be issued. *Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). The *Goff* court also addressed the district court's role in inmate applications for injunctive relief as follows: "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' . . . '[T]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.'" *Id*. at 520-21 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Plaintiff's Motion says he is still suffering from the injuries sustained in the Pulaski County transport van accident and the ADC "adamantly refused to order any kind of radiographic procedures [ ] to find the source and the extent of the injury and excruciating pain in [his] right leg, [ ] right hip and midsection area, which serves to prolong [his] pain and suffering." (Doc. No. 35 at 3.) Defendants respond, "Plaintiff's ADC records reflect that he has received medical treatment for his purported injuries," (Doc. No. 36 at 1), and they have provided documentation supporting their assertion. (Doc. No. 36-1.) Additionally, they say, "The Pulaski County Defendants have no authority to direct medical treatment decisions to be made by the Arkansas Department of Corrections." (*Id.*)

Plaintiff's Motion is denied for the following reasons. Rather than seeking to preserve the status quo, Plaintiff is attempting to obtain affirmative relief regarding issues involving unrelated parties. *See DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (a preliminary injunction is inappropriate for dealing with matters "lying wholly outside the issues in the suit"); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (Sept. 18, 2008) (unpublished opinion) (denying a prisoner's request for a preliminary injunction because "the relief sought was unrelated to the allegations in his [§ 1983] complaint").

Additionally, Plaintiff has failed to carry his burden of establishing that irreparable harm will befall him in the absence of injunctive relief. This is sufficient ground – on its own – to deny a motion for preliminary injunction. *Dataphase*, 640 F.2d at 114 n.9. Plaintiff's accident is from over two years ago and he is currently being treated by prison authorities. Accordingly, I conclude Plaintiff is not entitled to a preliminary injunction pursuant to Fed. R. Civ. P. 65(a).

### III.   CONCLUSION

1. Plaintiff's Motion for a Preliminary Injunction (Doc. 35) is DENIED.

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

SO ORDERED this 17th day of December 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE